J. NELSON KLING, PLAINTIFF-APPELLEE, v. SOLOMON ARON, DEFENDANT-APPELLANT.

Decided March 1, 1927.

Agency—Joint Adventurers—Defendant Contended That the Transaction in Question was One of Joint Adventure and as Such Cognizable Only in a Court of Equity—The Agreement Examined and Held to Have Been One of Agency and of Employment in Which There Were Facts to Support the Court's Findings, While Sitting Without a Jury, For Plaintiff.

On appeal from the District Court of the city of East Orange.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant *Reuben Brown* (*J. Raymond Tiffany*, of counsel).

For the appellee, *Porter, Zink & Lafferty*.

PER CURIAM.

The trial judge of the East Orange District Court, sitting without a jury, gave judgment for the plaintiff against the defendant for the sum of $200, with costs.

The defendant-appellant appeals from this judgment and his counsel relies on, and argues in his brief for its reversal, these two grounds: 1. That the District Court had no jurisdiction of the subject-matter in dispute, since it related to transactions growing out of the relationship of joint adventurers and therefore the controversy was only cognizable in a court of equity. 2. That the plaintiff did not establish a cause of action in either of the counts of the state of demand.

It appears from the state of the case, settled by the court, that on the 23d day of December, 1922, a writing was prepared in defendant's office and is marked defendant's *Exhibit 2,* and reads as follows:

"Realty Company,
S. Aron, Manager,
536 Main Street, East Orange, N. J.
December 23rd, 1922.

To WHOM IT MAY CONCERN:

For and in consideration of one dollar and other valuable services rendered, I hereby agree to enter into the following arrangement with Solomon Aron. To enter his employ as salesman in the office situated at No. 530 Main street, East Orange, N. J., and to receive for my services 50% of any and all commissions earned by me, with this provision, however: that one-half of all commissions earned by me and paid into the office shall be withheld and used to pay any amounts or bills which I may owe to anyone for whatever purpose

contracted and I hereby authorize S. Aron to withhold the aforesaid 50% of any monies due me for that purpose. It is clearly understood that S. Aron assumes no obligation whatever and that this agreement may be terminated upon written notice, one to the other at any time. I hereby authorize S. Aron to deduct in full, from the first commissions earned by me, the sums of one hundred dollars, which he is loaning me this day to pay to the estate of Mary E. Mills for a rental collected by me, and for which this agreement shall be an acknowledgment.

Signed:

G. Nelson Kling."

This became the contract between the parties and the basis on which the plaintiff was to be compensated. The agreement expressly negatives any partnership or joint venture between the parties in the business which the defendant was conducting, and the relationship between the parties was considered, according to the defendant's testimony a hiring of the plaintiff as a salesman. The state of the case shows that the defendant testified that the plaintiff "stated that he had nowhere to go; that he had a number of creditors and wanted to stay and work for defendant; that defendant told him he could work as a salesman upon the same terms and conditions as other salesmen worked; that he was to get listings; bring them into the office, find customers and effect sales; that on such sales as he effected he was to get one-half of the commission," &c.

The mere fact that the plaintiff authorized the defendant to withhold the payment of plaintiff's fifty per cent., earned and due to him, for the purpose of applying the same or so much thereof to the payment of any amounts or bills owing by the latter to anyone for whatever purpose contracted, did not have the legal effect of converting the relationship between the parties into a joint venture or partnership. From the state of the case it clearly appears that the dealings between the parties arose from a contractual relation, involving

19

simply a credit and debit account, the controversy over which properly belonged to the determination of a court of law and not a court of equity.

We find no merit in the contention of appellant's counsel that the plaintiff did not establish a cause of action.

According to the state of the case, the plaintiff testified "that he obtained for listing for sale the premises 78 Prospect street, East Orange, at the selling price of $60,000; that he negotiated for the seller, and defendant had procured and represented the buyer; that he had the owner reduce the actual selling price to $50,000; that he procured the preparation of the contract for the sale of the property to one G. Sizer; that on January 23d, 1922, the defendant was paid and received a commission of $1,400, of which he received $1,000 in cash and a note for the balance of $400; that two days after defendant received the $1,000 he paid the plaintiff $200 on account and that prior thereto he had borrowed $100 from defendant; shortly thereafter defendant notified plaintiff's creditors that he would pay no moneys to them.

There was testimony on which the trial judge could properly base a finding in favor of the plaintiff that there was owing to the plaintiff the sum of $200 from the defendant. Although the plaintiff's testimony was controverted by the defendant, this circumstance accomplished nothing more than to present a factual question for the decision of the trial judge and his finding is not reviewable.

Judgment is affirmed, with costs.